UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIN YOUNG PARK and MI YOUNG PARK on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POCHA POCHA INC. I, OH SOON UM and YOUNGSIK UM<br><br>Defendants, | Index No. 22-cv-2416<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiffs, Jin Young Park and Mi Young Park (collectively, "plaintiff"), on behalf of themselves and all others similarly situated, by their attorneys, Ryan Kim Law, P.C., complaining of defendants Pocha Pocha Inc. I ("PPII"), Oh Soon Um, and Youngsik Um (collectively, "defendants"), allege:

### NATURE OF ACTION

1. This action is brought to recover unpaid minimum wages, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq.

2. Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, unpaid minimum and overtime wage, the unpaid spread of hours pay, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA, the NYLL.

3. Defendants own and operate a restaurant at 152-24 Northern Blvd. Flushing, NY 11354.

1

4. Defendants failed to compensate Plaintiffs and all others similarly situated at the statutorily minimum wage as required by law.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as Pocha Pocha Inc. I is incorporated and located in the Eastern District of New York.

### Plaintiffs Jin Young Park and Mi Young Park

7. Jin Young Park and Mi Young Park ("Parks") reside in Queens County, New York.

8. Parks were employed as wait staff by Defendants from October 22, 2021, through March 20, 2022.

### Pocha Pocha Inc. I

9. Defendant Pocha Pocha Inc. I is a New York Corporation that owns and operates a restaurant in Flushing New York.

10. Pocha Pocha Inc. I is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Pocha Pocha Inc. I has employees engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Pocha Pocha Inc. I has an annual gross volume of sales in excess of $500,000.

**Oh Soon Um and Youngsik Um**

13. Defendants Oh Soon Um and Youngsik Um are the president and the owner of PPII.

14. Oh Soon Um and Youngsik Um are sued individually in their capacity as owners, officers, and/ or agents of PPII.

15. Oh Soon Um and Youngsik Um exercise sufficient control over the company's operations to be considered Plaintiffs' employers under the FLSA, New York Labor Law.

16. At all-time material herein, Oh Soon Um and Youngsik Um had the authority to hire and fire employees and established and exercised authority regarding the pay practices at PPII.

17. Oh Soon Um and Youngsik Um make all final decisions about employment practices at PPII.

18. The defendants Oh Soon Um and Youngsik Um managed, supervised, established, and administered the terms and conditions of the Plaintiffs' employment through PPII.

**COLLECTIVE ACTION ALLEGATIONS**

19. The claims in this Complaint arising out of the FLSA are brought by the Plaintiffs on behalf of themselves and all similarly situated non-exempt tipped employees (i.e. servers, busboy) who work or have worked at PPII within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

20. The FLSA Collective consists of approximately forty similarly situated current and former non-exempt employees of PPII, who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum wage and other monies.

21. The FLSA Collective consists of employees who, during their employment at PPII, worked as non-exempt employees.

22. As part of their regular business practices, defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA, New York Labor Law. This policy and pattern or practice include, inter alia:

   a. failing to pay employees the statutory minimum wage for all hours worked;
   b. failing to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;
   c. failing to keep accurate records of hours worked by employees as required by the FLSA and the New York Labor Law.

23. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants, and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## PLAINTIFFS' FACTUAL ALLEGATIONS

24. The Parks worked as servers throughout their time employed by the defendants.

25. Working as servers, Parks fell into the category of "non-exempt" employee pursuant to the FLSA.

26. From October 22, 2022, until about November 6, 2022, they worked over 10 hours a day for 7 days per week. For this period of time, they were paid at the rate of $12.50 for the hours worked in a week without overtime compensation.

27.  From November 7, 2022, until November 20, 2022, they worked over 10 hours a day for 6 days per week. For this period of time, they were paid at the rate of $12.50 for the hours worked in a week without overtime compensation.

28. From about November 21, 2022, Plaintiffs worked at least 50 hours per week but they were only paid 40 hours per week at the rate of $12.50.

29. During the period, The Parks started their work at 4 p.m. and ended at 2 a.m. without any break time.

30. Defendants failed to provide sufficient notice to Parks regarding the tip credit provisions of the FLSA and the NYLL, or their intent to apply a tip credit to their wages.

31.  As a result, the defendants were not entitled to reduce Parks' minimum wage rate by applying the tip credit allowance that is available under the FLSA and NYLL.

32. Defendants also failed to compensate Parks at one and one-half times the statutory minimum wage rate for the hours they worked in excess of forty (40) per workweek.

33. Defendants failed to furnish Parks's wage statements with their hours worked and rates of pay at their every payday.

34. Defendants also failed to furnish Parks with a wage notice at the time of hiring and whenever their wage rates changed.

## FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Minimum Wage)

35. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

36. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiffs and the FLSA Collective.

37. Plaintiffs and the FLSA Collective are employees within the meaning of 29 US.C. §§ 203(e) and 206(a).

38. Defendants were required to pay to Plaintiffs and the FLSA Collective the applicable federal minimum wage rate.

39. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because inter alia:

    a. Defendants were required to but failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m); and

    b. made unlawful deductions from the non-exempt employees' pay, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

40. Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

41. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Collective.

42. As a result of the defendants' willful violations of the FLSA Plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law - Unpaid Minimum Wage)

43. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

44. Defendants are employers within the meaning of the NYLL §§ 190,651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

45. Defendants failed to pay the Plaintiffs the minimum wages to which she is entitled under the NYLL.

46. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs minimum hourly wages.

47. As a result of the Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

48. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

49. Defendants are required to pay Plaintiffs and the FLSA Collective one and one-half (1 ½ ) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

50. Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

51. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and FLSA Collective overtime wages.

52. Due to the defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law- Unpaid Overtime)

53. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

54. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Plaintiffs one and one half (1 ½ ) times the regular rate of pay for all hours she worked in excess of forty.

55. Defendants have failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL. 132. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

56. Due to the defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

57. Plaintiffs repeat and reallege all foregoing paragraphs as if set forth herein.

58. Defendants willfully failed to pay Plaintiffs the additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs worked more than ten hours.

59. By defendants' failure to pay Plaintiffs the spread-of hours pay, defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

60. Due to the defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (New York Labor Law - Wage Theft Prevention Act)

61. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

62. Defendants failed to furnish to Plaintiffs at the time of hiring, whenever there was a change to an employee's rate of pay, and on or before February 1st of each year of employment through 2022, a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

63. Defendants failed to furnish Plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

64. Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from the defendants liquidated damages of $50.00 per day that the violation occurred, up to a

maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

65. Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs are entitled to recover from Defendants liquidated damages of $250.00 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court enter a judgment:

a) declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

b) declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

c) declaring that defendants have violated the spread of hours pay provisions of the NYLL;

d) declaring that Defendants' violations of the FLSA and NYLL were willful;

e) awarding Plaintiffs and the FLSA Collective damages for unpaid minimum and overtime wages;

f) awarding Plaintiffs and the FLSA Collective damages for unpaid spread of hours pay;

g) awarding Plaintiffs and the FLSA Collective, liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

h) awarding Plaintiffs and the FLSA Collective, liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

i) awarding Plaintiffs and the FLSA Collective, the liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

j) awarding Plaintiffs and the FLSA Collective, pre-judgment and post-judgment interest under the FLSA and the NYLL;

k) awarding Plaintiffs and the FLSA Collective, the reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l) awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Dated: April 28, 2022

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: Oh Soon Um and Youngsik Um

    PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Plaintiffs Jin Young Park and Mi Young Park intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of:

Pocha Pocha Inc. I

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: April 28, 2022
       Fort Lee, NJ

                              Ryan Kim Law, P.C.
                              *Attorneys for Plaintiffs*

                              */s/ Ryan Kim*
                              Ryan Kim
                              222 Bruce Reynolds Blvd. Suite 490
                              Fort Lee NJ 07024
                              Tel: (718) 573-1111
                              Email: ryan@ryankimlaw.com

# DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:

Pocha Pocha Inc. I

---

**PLEASE TAKE NOTICE**, that Plaintiffs JIN YOUNG PARK AND MI YOUNG PARK as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

**PLAINTIFFS HEREBY DEMAND** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: April 28, 2022
Fort Lee, NJ

                                                Ryan Kim Law, P.C.
                                                *Attorneys for Plaintiffs*

                                                */s/ Ryan Kim*
                                                Ryan Kim
                                                222 Bruce Reynolds Blvd. Suite 490
                                                Fort Lee NJ 07024
                                                Tel: (718) 573-1111
                                                Email: ryan@ryankimlaw.com

## **DOCUMENT PRESERVATION DEMAND**

      Plaintiff(s) hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

      */s/ Ryan Kim*
      Ryan Kim
      222 Bruce Reynolds Blvd. Suite 490
      Fort Lee NJ 07024
      Tel: (718) 573-1111
      Email: ryan@ryankimlaw.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein" for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

                                              */s/ Ryan Kim*
                                              Ryan Kim
                                              222 Bruce Reynolds Blvd. Suite 490
                                              Fort Lee NJ 07024
                                              Tel: (718) 573-1111
                                              Email: ryan@ryankimlaw.com

# Settlement under the table is <u>prohibited</u> by the law.



> **Once a wage-and-hour case is filed in the Federal District Court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.***

# <u>Consult your attorney.</u>